IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARTZAE D. HAMMON                                                                                    PLAINTIFF

VERSUS                                                       CIVIL ACTION NO.  5:05cv203DCB-MTP

COUNTY OF ISSAQUENA,
WARDEN CECILIA LUSK,
MICHAEL GREEN,
RONALD REED, JERRY GAMBLE,
DAVID DOLLY, RICHARD JONES,
TOMMY NELDON, and OFFICER JANE DOE                                      DEFENDANTS

OPINION AND ORDER

This cause comes before this court, sua sponte. On December 22, 2005, an order [3-1] was entered denying the plaintiff's motion to proceed in forma pauperis. The plaintiff was directed to pay the filing fee of $250.00 within 30 days of the entry of the order. The plaintiff filed a motion for extension of time [4-1] on January 9, 2006. By order [5-1] entered on January 12, 2006, the plaintiff was granted until February 20, 2006, to pay the filing fee.

The plaintiff filed a second motion to extend time [7-1] on February 16, 2006. Once again, this court granted his motion for an extension of time and he was directed to pay the filing fee on April 24, 2006. When the plaintiff failed to pay the filing fee on April 24, 2006, an order to show cause [9-1] was entered on May 11, 2006, directing him to respond explaining why this case should not be dismissed as well as paying the filing fee by June 2, 2006. The plaintiff filed his response [10-1]. However, he did not submit the filing fee.

An order was entered on June 8, 2006, granting the plaintiff a third extension of time. In that order, the plaintiff was granted an additional 15 days to pay the filing fee. The plaintiff filed

a response [12-1] on June 21, 2006, but did not pay the filing fee.  The order [13-1] of June 23, 2006, determined that the response [12-1] was not well-taken and directed the plaintiff to comply with the order [11-1] of June 8, 2006.

Upon a review of the record, the court found that the plaintiff had not complied with the order of June 8, 2006.  As a result, an order to show cause [14-1] was entered on September 13, 2006, directing the plaintiff to respond and to pay the filing fee on or before October 5, 2006.  The envelope containing the order to show cause [14-1] was returned with a notation "Not in Madison County Jail - Return to Sender."

Clearly, the plaintiff has failed to comply with the orders of this court even though he had been warned in several of the court orders that failure to comply with an order of this court or failure to advise of a new address could result in the dismissal of the instant civil action.  Having reviewed the docket entries, it is apparent to this court that the plaintiff lacks interest in pursuing the instant civil action since he has not communicated with this court, either to pay the filing fee as ordered or to provide a change of address.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  23rd  day of  October, 2006.

                                        s/ David Bramlette  
                                        UNITED STATES DISTRICT JUDGE